RECEIVED
MAY 18 2021
RICHARD W. NAGEL, CLERK OF COURT
COLUMBUS, OHIO

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
Eastern DIVISION

Samuel J. Dean
(Enter Above the Name of the Plaintiff in this Action)

vs.

Eric M. Schooley
(Enter above the name of the Defendant in this Action)

If there are additional Defendants, please list them:

Madison County Municipal Court

2:21CV2582

Judge Sargus

MAGISTRATE JUDGE JOLSON

COMPLAINT

I. Parties to the action:

Plaintiff: Place your name and address on the lines below. The address you give must be the address where the court may contact you and mail documents to you. A telephone number is required.

Samuel J. Dean
Name - Full Name Please - PRINT

9500 State Route 736
Street Address

Plain City, OH 43064
City, State and Zip Code

614-286-0921
Telephone Number

If there are additional Plaintiffs in this suit, a separate piece of paper should be attached immediately behind this page with their full names, addresses and telephone numbers. If there are no other Plaintiffs, continue with this form.

Defendant(s):

Place the name and address of each Defendant you listed in the caption on the first page of this Complaint. This form is invalid unless each Defendant appears with full address for proper service.

1. Eric M. Schooley
   Name - Full Name Please

   55 North Oak Street, London, OH 43140
   Address: Street, City, State and Zip Code

2. Madison County Municipal Court

   55 North Oak Street, London, OH 43140

3. _____

4. _____

5. _____

6. _____

If there are additional Defendants, please list their names and addresses on a separate sheet of paper.

II. Subject Matter Jurisdiction

Check the box or boxes that describes your lawsuit:

☐ Title 28 U.S.C. § 1343(3)
[A civil rights lawsuit alleging that Defendant(s) acting under color of State law, deprived you of a right secured by federal law or the Constitution.]

☐ Title 28 U.S.C. § 1331
[A lawsuit "arising under the Constitution, laws, or treaties of the United States."]

☐ Title 28 U.S.C. § 1332(a)(1)
[A lawsuit between citizens of different states where the matter in controversy exceeds $75,000.]

☒ Title 42 United States Code, Section 12131-12134
[Other federal status giving the court subject matter jurisdiction.]

III. Statement of Claim

Please write as briefly as possible the facts of your case. Describe how each Defendant is involved. Include the name of all persons involved, give dates and places.

Number each claim separately. Use as much space as you need. You are not limited to the papers we give you. Attach extra sheets that deal with your statement claim immediately behind this piece of paper.

See enclosed complaint

IV. Previous lawsuits:

If you have been a Plaintiff in a lawsuit, for each lawsuit state the case number and caption.
(Example, Case Number: 2:08-cv-728 and Caption: John Smith vs. Jane Doe).

| Case Number | Caption | | |
|---|---|---|---|
| _____ | _____ | vs. | _____ |
| _____ | _____ | vs. | _____ |
| _____ | _____ | vs. | _____ |

V. Relief

In this section please state (write) briefly exactly what you want the court to do for you. Make no legal argument, cite no case or statutes.

See enclosed complaint

I state under penalty of perjury that the foregoing is true and correct. Executed on this 17 day of May, 2021.

_____
Signature of Plaintiff

-4-

Samuel J. Dean, Plaintiff
9500 State Route 736
Plain City, Ohio 43064
614-286-0921

# UNITED STATES DISTRICT COURT
# DISTRICT OF OHIO

SAMUEL J. DEAN

    PLAINTIFF

v.                                    CASE NO. _____

ERIC M. SCHOOLEY AND MADISON
COUNTY MUNICIPAL COURT

    DEFENDANT
_____/

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
## UNDER AMERICANS WITH DISABILITIES ACT

Plaintiff Samuel J. Dean sues the defendant ERIC M. SCHOOLEY AND MADISON COUNTY MUNICIPAL COURT for declaratory and injunctive relief under Title II of the Americans with Disabilities Act and alleges the following:

### JURISDICTION AND VENUE

The plaintiff Samuel J. Dean brings this action to enforce Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§12131-12134, against the defendant ERIC M. SCHOOLEY AND MADISON COUNTY MUNICIPAL COURT.

Defendant is a public accommodation subject to the provisions of Title II of the Americans with Disabilities Act of 1990 and as amended in 2008.

This Court has jurisdiction over this action under 42 U.S.C. §§12131-12134 and 28 U.S.C. §§1331 and 1345. This Court has authority to grant a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202 and authority to grant equitable relief, monetary damages, and civil penalties under 42 U.S.C. §§12131-12134.


Venue is proper in the District of Ohio pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff resides in this District and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

Plaintiff Samuel J. Dean resides in Plain City, Ohio and is an individual with a disability within the meaning of Title II of the ADA. The plaintiff has a physical or mental disability or impairment that substantially limits one or more major life activities set forth in 28 CFR 35.104.

Defendant ERIC M. SCHOOLEY AND MADISON COUNTY MUNICIPAL COURT is a public entity that employs fifty or more persons with its physical place of business in Madison County Ohio. Defendant has control over and is responsible for operations at this public accommodation.

## PLAIN STATEMENT

The defendant discriminated against the plaintiff who had expressed that he has a record of, and is regarded as, having disabilities that impair his from engaging in one ore more major life activities. Defendant's conduct and failure to provide reasonable accommodations is in violation of Title II of the Americans with Disabilities Act (ADA).

## STATEMENTS OF FACT

Notice is hereby given to the court that the plaintiff is a person with a disability that is impaired from engaging in one or more major life activities, that is aggravated by submitting to certain mitigating measures offered by the court. The plaintiff is not required to accept any certain mitigation measure and requests reasonable modifications unless the court can establish that such modifications create an undue burden or fundamentally alter the function of the court, or that the plaintiff is a direct threat to anyone.

An arraignment was held on the date of March 31st, 2021 in which the plaintiff expressed his disability or impairment in understanding the accusations made against her; however, the court retaliated by acting in his behalf and entering a plea without his consent and without providing aid, encouragement or any reasonable modifications to help his understand the nature of the accusations.

The plaintiff has attempted to obtain reasonable modifications for mitigation of equal access to the court throughout the month of April and the court has no facility or responsible, designated or trained employee who is able or willing to assist the plaintiff with making reasonable modifications for the purpose of gaining equal access to the court.

The plaintiff requested a private, *ex parte* administrative hearing with a designated and responsible individual who is qualified to assist the plaintiff in making reasonable modifications according not the requirements of Title II of the Americans with Disabilities Act.

Such discrimination persists notwithstanding the existence of readily available, well-established, accommodations, that in fact would cost nothing to the defendant and for which any costs are expected to be settled in the normal and usual costs of operating a public facility.

The plaintiff has commenced this action based on reasonable cause to believe that Defendant is engaged in a pattern or practice of discrimination and that the plaintiff has been discriminated against and that such discrimination raises issues of general public importance. 42 U.S.C. § 12188(b)(1)(B). The plaintiff seeks declaratory and injunctive relief, monetary damages, and civil penalties against Defendant.

## ALLEGATIONS OF VIOLATIONS OF TITLE II OF

## THE AMERICANS WITH DISABILITIES ACT

The allegations contained in the preceding paragraphs are incorporated by reference.

Title II, subtitle A, of the ADA prohibits discrimination on the basis of disability in all services, programs, and activities provided to the public by State and local governments.

The defendant is a state or local government entity or public accommodation that has discriminated against the plaintiff on the basis of disability in all services, programs, and activities provided to the public.

Defendant has failed or refused to take the necessary steps to ensure that the plaintiff was not excluded, denied services, segregated, or otherwise treated differently because of the absence of auxiliary aids and services.

- 3 -

The defendant utilized standards or criteria or methods of administration that have the effect of discriminating on the basis of disability, or perpetuating the discrimination of the plaintiff when reasonable accommodations were within its administrative control.

The plaintiff is a victim of defendant's discriminatory conduct or actions and is an aggrieved persons within the meaning of 42 U.S.C. §§12131-12134.

The defendant has failed to adopt and publish grievance procedures providing for prompt and equitable resolution of complaints alleging any action that would be prohibited by Part 35.107 of Title 28 of the Code of Federal Regulations.

As a result of Defendant's actions and/or omissions the plaintiff has experienced frustration, public humiliation, retaliation, intimidation, the threat of arrest and incarceration, additional burden, and marginalization; and has been denied services, segregated, or otherwise treated differently because of the absence of auxiliary aids and services.

In addition to unlawfully denying the plaintiff the same and equal access to the services, the defendant retaliated against the plaintiff by:

- failing or refusing to make reasonable modifications to accommodate the plaintiff's communications disability and other disabilities relating to respiration and language barriers that preclude or impair the plaintiff from understanding the terms used by the defendant and its employees; and,

- requiring that the plaintiff pay for modifications, including but not limited to a copy of the record; and,

- ignoring the plaintiff's efforts to express his disabilities and requests for reasonable modifications and retaliating against the plaintiff by intimidating and coercing the plaintiff, demanding that the plaintiff explain his disabilities in a public forum and then demanding he submits to the medical interventions and examinations and other health control measures that further exacerbate his ability to engage in major life activities; and,

- threatening the plaintiff with being falsely cited, arrested or incarcerated for unrelated crimes such as trespass or disorderly conduct while plaintiff was exercising exercising and enjoying his rights under the ADA which is a protected activity under 42 U.S.C. §12203 and 28 CFR Part 35.134(a) and (b); and,

- allowing other employees the attack, threaten or verbally ridicule and abuse the plaintiff while plaintiff was exercising  exercising and  enjoying his rights under the ADA which is a protected activity under 42 U.S.C. §12203 and 28 CFR Part 35.134(a) and (b); and; and,

- threaten the plaintiff with public humiliation and exclusion because of his disability while plaintiff was exercising exercising and enjoying his rights under the ADA which is a protected activity under 42 U.S.C. §12203 and 28 CFR Part 35.134(a) and (b); and,

Furthermore, the defendant expresses the attitude toward the plaintiff as if the plaintiff is a direct threat to others, yet has never complied with the individual assessment criteria, to wit:

28 CFR Part 35.104:

"(b) In determining whether an individual poses a direct threat to the health or safety of others,

a public accommodation must make an **individualized assessment**,

based on reasonable judgment that relies on current medical knowledge or on the best available objective evidence,

to ascertain: The nature, duration, and severity of the risk;

the probability that the potential injury will actually occur;

and whether reasonable modifications of policies, practices, or procedures or the provision of auxiliary aids or services will mitigate the risk."

By the conduct set forth in the preceding paragraphs, there is reasonable cause to believe that Defendant has:

Engaged in a pattern or practice of discrimination, in violation of 42 U.S.C. §§12131-12134; and,

Discriminated against the plaintiff and other individuals with disabilities, and such discrimination raises an issue of general public importance, in violation of 42 U.S.C. §§12131-12134; and,

Defendant has failed to comply with 28 CFR Part 35.105 and make any evaluation of its services, polices or practices or make any modifications; and,

Defendant has failed to make available to applicants, participants, beneficiaries, and other interested persons such as the plaintiff,  information regarding the provisions of 28

- 5 -

CFR Part 35.106 and its applicability to the services, programs, or activities of the defendant, and make such information available to the plaintiff in such manner as the head of the defendant finds necessary to apprise the plaintiff of the protections against discrimination assured his by the Americans with Disabilities Act Act and this part (28 CFR 35.106).

Plaintiff demands a jury trial.

**WHEREFORE**, Plaintiff demands judgment against the defendant and that the court declare that Defendant's discriminatory actions and/or omissions as set forth in this Complaint violate Title II of the Americans with Disabilities Act; and,

An order enjoining the defendant, along with its officers, agents, and employees, and all others in active concert or participation with them, from:

Engaging in discriminatory acts and/or omissions against individuals with disabilities;

And an order enjoining the defendant from implementing practices and policies in a manner that is inaccessible to individuals with disabilities within the meaning of Title II of the Americans with Disabilities Act;

And ordering defendant to:

Comply with the requirements of Title II of the Americans with Disabilities Act;

Provide appropriate auxiliary aids and services; modify policies, practices, and procedures; and/or require alternative methods to ensure the accessibility of its premises and services to individuals with disabilities as required under Title II of the Americans with Disabilities Act;

Take such affirmative steps as may be necessary to restore, as nearly as practicable, each identifiable victim of the Defendant's discriminatory conduct to the position that he or he would have been in, but for the Defendant's conduct; and,

Take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct and to eliminate, to the extent practicable, the effects of such conduct; and,

Award monetary damages to the plaintiff, in an appropriate amount for injuries suffered as the result of Defendant's failure to comply with the requirements of Title II of the Americans with Disabilities Act;

Assess a civil penalty against the defendant in an amount authorized by Title II of the Americans with Disabilities Act to vindicate the public interest; and,

Order such other relief as the interests of justice may require.

DATED this 17 day of May 2021.

Samuel J. Dean, Plaintiff

Samuel J. Dean, Plaintiff
9500 State Route 736
Plain City, Ohio 43064
614-286-0921

# UNITED STATES DISTRICT COURT
# DISTRICT OF OHIO

SAMUEL J. DEAN
    PLAINTIFF

v.                                          CASE NO. _____

ERIC M. SCHOOLEY AND MADISON COUNTY MUNICIPAL COURT
    DEFENDANT
_____/

**AFFIDAVIT IN SUPPORT OF COMPLAINT**

STATE OF OHIO      )
                           ) ss
COUNTY OF MADISON  )

    I, Samuel J. Dean, do hereby solemnly affirm that the statements herein are true and correct in substance and in fact and that I have personal knowledge of each.

    During the pre-trial hearing on May 3, 2021 at the Madison County Municipal Court for cases CRB2100236A&B I made the following statements and requests. Shannon Treynor, court appointed attorney withdrew her representation of me at my request. I stated that I did not trust her as I had requested documentation from her and was not receiving responses.

    I opened my statements by requesting to meet with the Madison County Court representative for the ADA under Title II. I then read the following statement: "I have a physical or mental impairment that substantially limits one or more of the major life activities." Judge Eric M. Schooley responded that the court didn't have one but that he might be able to find one from the Ohio Supreme Court. Judge Schooley then insisted that I prove my disability. I responded that I would not discuss my disability. Judge Schooly then claimed that I clearly did not have a disability because I could understand everything he was saying and that I was responding as if I did understand. I informed him that I was having trouble hearing him and I would appreciate that he would not continue talking while I was trying to take notes. These kinds of comments continued for a short while. These statements were made in a room with 25-30 strangers, many of whom were awaiting their pre-trial hearing.

- 8 -

I then asked about evidence that I had requested from the prosecutor. The assistant prosecutor present, Rachel M. Price, claimed that their office had not received that request. I responded that I had faxed it in, confirmed that the fax was received and had received the documents that were available, but not the videos or recordings. Judge Schooley insisted on me telling him the name of the person in the prosecutor's office with whom I had spoken and the telephone number that I had faxed it to. I informed him that I did not have that information, but that the Prosecutor responded so it must have had the request. He proceeded to tell me that since I had chosen to defend myself that I needed to get the Court handbook and learn how to submit requests properly.

I asked how the court would handle requests for subpoenaing for the trial. I asked if the court would offer submitting the names to it and the court would serve the subpoenas. Judge Schooley told that me that I would have to learn how to do that since I was going to represent myself.

I finished with asking about having the court open to anyone and not closed. Judge Schooley laughed and stated that any court in the State of Ohio was a court of record. That the changes made for COVID would not change. He recommended that I contact Mr. Chris Cook, Madison County Director of Health, if I had any questions. He then added that I could contact Governor DeWine, too.

As of May 5th 2021, I have had difficulty getting copies of the audio recordings of the pre-trial hearing from the court.

Samuel J. Dean, Affiant

STATE OF OHIO    )
                 ) ss
COUNTY OF ~~MADISON~~ Union )

Subscribed and Sworn to before me a notary public this 17th day of May, 2021.

_Lisa Artrip_
Signature of Notary



[ls]

My Comm. Expires
Aug. 16, 2025

- 9 -